IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ROSEMARY DEMPS, by and through her next friend,
natural mother, and attorney in fact, EMMA DEMPS,**

      **Plaintiff,**　　　　　　　　　　　　　Case No. 4:04-cv-448-RH/WCS

v.

**TALLAHASSEE MEDICAL CENTER, INC.,
d/b/a CAPITAL REGIONAL MEDICAL CENTER,**

      **Defendant.**
_____/

**PETITION TO APPROVE SETTLEMENT ON BEHALF OF MINOR CHILDREN;
TO AUTHORIZE AND DIRECT PAYMENT OF SETTLEMENT FUNDS,
ATTORNEYS' FEES AND LITIGATION COSTS; AND TO AUTHORIZE
EXECUTION OF SETTLEMENT AGREEMENTS**

     Plaintiff, Rosemary Demps, by and through her next friend, natural mother, and attorney-in-fact, and on behalf of her two minor children, Antwan Demps and Jashawn Demps, hereby respectfully requests that the Court approve the confidential settlement of the claims of her minor children for loss of consortium against the Defendants, Tallahassee Medical Center, Inc., d/b/a Capital Regional Medical Center, a Florida corporation. In support of her motion, Plaintiff states as follows:

     (1)　　This is an EMTALA claim arising out of the care and treatment provided to Rosemary Demps in the emergency department at Capital Regional Medical Center ("CRMC") on October 16, 2003. Plaintiff has alleged that CRMC, in violation of the requirements of EMTALA, failed to provide Ms. Demps an appropriate medical screening exam and discharged her when she was patently unstable. As a result, Plaintiff claims, Ms. Demps suffered severe injuries, including the amputation of her arms, below the elbow, and her legs, below the knee.

*Rosemary Demps v. Tallahassee Medical Center, Inc.*
Case No. **4:04-cv-448-RH/WCS**
Petition for Approval of Settlement, p. 2 of 9

(2) Rosemary Demps is a thirty-three year old, unmarried mother of two minor children, Antwan Demps (date of birth, October 18, 1995) and Jashawn Demps (date of birth, March 29, 2000). Plaintiff amended her complaint during this action to state a claim for loss of consortium of the two minor children, pursuant to Florida law (Section 768.0415, Florida Statutes).

(3) As a result of her obviously disabling injuries, Rosemary Demps has been incapacitated and has appointed her mother, Emma Demps, as her attorney-in-fact through a durable power of attorney. Emma Demps, through this power of attorney, has acted on Rosemary Demps's behalf in pursuing and litigating her claims in this Court. A copy of the power of attorney was made an exhibit to the Complaint.

(4) Plaintiff has also brought a state court negligence claim against this Defendant CRMC and Dr. Robert Thomas and Dr. Louis Bolen in state court. The state court has approved the settlement, and a copy of the order is attached as Exhibit "A."

(5) On or around April 25, 2005, Plaintiff and the Defendants reached a confidential settlement of all claims in both lawsuits. The Plaintiff and the Defendant agree that the settlement is fair and equitable in light of all the circumstances and in the best interest of Ms. Demps and her two minor children, Antwan Demps and Jashawn Demps.

## ROSEMARY DEMPS'S FUTURE CARE NEEDS IN RELATION TO THE SETTLEMENT

(6) In the course of the litigation of these two separate but related claims, Plaintiff retained a life care planning expert and an economist to determine Rosemary Demps's future

2

*Rosemary Demps v. Tallahassee Medical Center, Inc.*
Case No. **4:04-cv-448-RH/WCS**
Petition for Approval of Settlement, p. 3 of 9

care needs and to determine an economic value for her future care needs. Plaintiff's experts determined that Rosemary Demps has future care needs that will cost approximately $10,000,000.00 to $14,000,000.00.

(7)     As a result of her disability, Rosemary Demps is a Medicare patient and she will continue to rely upon Medicare to help meet her future medical care needs. Medicare is claiming that Ms. Demps has a repayment obligation in the amount of $158,702.48. Plaintiff will repay the portion of this sum, as required by law, after an accounting for Medicare's pro-rata share of litigation costs and attorneys' fees.[1]

(8)     With continued access to Medicare, the settlement will provide tremendous assistance to Rosemary Demps in meeting her future care needs.

(9)     Emma Demps and other family members have dedicated themselves to providing Rosemary Demps the attendant care she needs on a daily basis, and Rosemary Demps depends upon these family members to assist her in her daily needs as well as with her ongoing medical care and treatment. Rosemary Demps has been provided prosthetics and is continuing to learn to use these prosthetics and become less dependent upon her family. However, Rosemary Demps continues to struggle medically with the effects of the significant injuries she has suffered.

(10)    To help provide security for Rosemary Demps and help meet her future care needs, the Plaintiff and the Defendant Tallahassee Medical Center, Inc. ("CRMC") have agreed that CRMC or its insurer will purchase two structured settlement annuities in Rosemary Demps's name with Hartford and Pacific Life and Annuity Company, both rated A+ or better by A.M.

---

[1] Ms. Demps must also pay Medicaid $5,616.97.

*Rosemary Demps v. Tallahassee Medical Center, Inc.*
Case No. **4:04-cv-448-RH/WCS**
Petition for Approval of Settlement, p. 4 of 9

Best. The purchase price and payment schedule of the annuity is reflected in the closing statement provided to the Court in-camera.

(11) To provide Rosemary Demps financial security and to protect and grow the remaining settlement monies for Rosemary Demps's future care needs, the remainder of the net settlement proceeds will be placed in a trust with a guardianship established over the property. Marie and Ed Davis, Rosemary Demps's maternal aunt and uncle, will serve as trustees and guardians. Such monies will be used to provide Rosemary Demps and her family such necessities as a new home, appropriately equipped for a person with Ms. Demps's disability, a specially equipped van, and other devices and technology to assist Rosemary Demps with her daily care needs. Accordingly, these trust monies will not only benefit Rosemary Demps but also her two minor children.

(12) The gross amount of the settlement, the net proceeds to Rosemary Demps and her two minor children after payment of fees, costs, and liens, and the specifics of the structured settlement annuity, which is being purchased by the Defendant, are detailed in the Plaintiff's closing statement. This closing statement is submitted to the Court in-camera to protect the confidentiality of this settlement and to protect Rosemary Demps's and her minor children's financial privacy and security.

(13) Rosemary Demps requires extensive attendant care because of her disability. Up to the present, Rosemary Demps's family members have been providing this attendant care. As such, these family members should be compensated for the extensive time and efforts they have

4

*Rosemary Demps v. Tallahassee Medical Center, Inc.*
Case No. **4:04-cv-448-RH/WCS**
Petition for Approval of Settlement, p. 5 of 9

provided. Plaintiff suggests sixty thousand dollars ($60,000.00) to be divided equitably among these family members.

### SETTLEMENT OF THE MINOR CHILDREN'S LOSS OF CONSORTIUM CLAIM

(14)    Antwan Demps (date of birth, October 18, 1995) and Jashawn Demps (date of birth, March 29, 2000) are Rosemary Demps's two minor children. Because their mother is permanently and totally disabled, they have a claim for loss of consortium under Florida law. The Plaintiff has proposed, and the guardian has agreed to, that the Defendant purchase annuities for Jashawn and Antwan Demps from the Prudential Life Insurance Company to pay the two minor children monthly income from age 18 to age 35 and lump sums at ages 18, 25, and 35. These lump sum payments will assist the children if they choose to go to college and will pay them appropriate amounts of money when they have reached mature ages.

(15)    The Plaintiff is establishing guardianships for Antwan and Jashawn Demps, with Rosemary Demps's brother, Earl Galloway, being the proposed guardian over property. Plaintiff has proposed that cash sums be managed through these guardianships to provide for Antwan's and Jashawn's extraordinary needs during their remaining period of minority. Emma Demps has retained Richard E. Benton, Esquire to establish these two guardianships.

(16)    The cost and payment schedules of the proposed annuities and the amount entrusted to the guardianships are reflected in Plaintiff's closing statement, which has been produced for in-camera review.

Case 4:04-cv-00448-RH-WCS   Document 50   Filed 06/01/05   Page 6 of 9

*Rosemary Demps v. Tallahassee Medical Center, Inc.*
Case No. **4:04-cv-448-RH/WCS**
Petition for Approval of Settlement, p. 6 of 9

(17)   The Court has appointed Karen Gievers, Esquire as guardian <u>ad litem</u>. The guardian <u>ad litem</u> has reviewed the proposed settlement and approves of the confidential settlement. The Plaintiff has essentially adopted Ms. Giever's recommendations as to the distributions to the minor children, including the recommendations regarding the annuities.

## ATTORNEYS' FEES AND COSTS

(18)   Emma Demps, as attorney-in-fact and natural mother of Rosemary Demps retained KnopikVarnerMoore to represent Rosemary Demps and her minor children in this litigation. In retaining KnopikVarnerMoore, the Plaintiff signed a standard, Florida Supreme Court approved contingency fee agreement. This contingency fee agreement is attached as Exhibit "B."

(19)   KnopikVarnerMoore's fee was calculated according to the attached agreement, as indicated on the closing statement provided to the Court for its in-camera review. The Florida Supreme Court approved contingency fee is reasonable under the circumstances of this case. KnopikVarnerMoore's lawyers have expended many hours and underwritten substantial costs in pursuit of this case, which was full of complicated medical and legal issues. KnopikVarnerMoore pursued two separate but related claims in two different courts.

(20)   The Plaintiff has incurred $420,171.88 in litigation costs. While these costs are substantial, all the costs were reasonably necessary and are consistent with current industry practice for litigating complex medical malpractice cases.

*Rosemary Demps v. Tallahassee Medical Center, Inc.*
Case No. **4:04-cv-448-RH/WCS**
Petition for Approval of Settlement, p. 7 of 9

(21)   The guardian ad litem has reviewed the proposed disbursement for attorneys' fees and litigation costs and agreed that the attorneys' fees are reasonable and appropriate under all the circumstances.  As to the litigation costs, Ms. Gievers has agreed that all the litigation costs, except one major cost, were reasonably necessary and appropriate in the litigation of this complex medical malpractice case.  Ms. Gievers objected to Trial Practices, Inc.'s charges in the amount $256,653.00 for litigation support and jury consulting services provided pursuant to Trial Practice, Inc.'s contract with Rosemary Demps, by and through her mother, Emma Demps.  The guardian ad litem and Plaintiff's counsel have agreed to defer consideration of Trial Practice, Inc.'s charges while Plaintiff attempts to negotiate these charges with Trial Practices, Inc.  As a result, the total litigation costs for which the client is now responsible is $163,518.88.

(22)   Rosemary Demps, by and through Emma Demps, her next friend, natural mother, and attorney-in-fact, individually and on behalf of her minor children, after consulting with other counsel, agrees that the litigation costs and attorneys' fees are fair and reasonable.

## CONCLUSION

(23)   Plaintiff, the Defendant, the guardian ad litem, and the state court presiding over the sister medical negligence claim all believe that the settlement and the proposed distribution to the minor children is fair and reasonable in light of all the circumstances, the facts of this case, and the inherent risk in litigation.  Plaintiff believes the proposed distribution for attorneys' fees and costs is similarly reasonable in light of all the circumstances.

*Rosemary Demps v. Tallahassee Medical Center, Inc.*
Case No. **4:04-cv-448-RH/WCS**
Petition for Approval of Settlement, p. 8 of 9

WHEREFORE, Plaintiff, Rosemary Demps, by and through her next friend, natural mother, and attorney-in-fact, Emma Demps, individually and on behalf of her two minor children, Jashawn and Antwan Demps, respectfully requests the Court to issue an order:

a. Approving the settlement and proposed distribution to the minor children, Antwan Demps and Jashawn Demps;

b. Approving the proposed distributions for attorneys' fees and litigation costs and authorizing their disbursement, with the exception of the Trial Practice, Inc. charges, for which Plaintiff's counsel will hold sufficient funds in trust until that item is resolved by the parties and/or approved by the Court;

c. Authorizing Emma Demps to sign the settlement agreements and releases;

d. Authorizing the disbursement of the settlement proceeds; and

**e.** Discharging the guardian ad litem (after final resolution of the Trial Practice, Inc. fee).

*Rosemary Demps v. Tallahassee Medical Center, Inc.*
Case No. **4:04-cv-448-RH/WCS**
Petition for Approval of Settlement, p. 9 of 9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 1, 2005, I electronically filed this document with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to **Jeannette Marie Andrews, Esquire,** Andrews, Crabtree, Knox, Andrews, 1558 Village Square Blvd., Tallahassee, Florida 32309.  I hereby further certify that on June 1, 2005 I served this document via U.S. Mail on the guardian ad litem, Karen Gievers, Esquire, 524 E. College Ave., Suite 2, Tallahassee, FL 32301.

                                                       s/ *Charles T. Moore*_____
                                                       Christopher S. Knopik, Esquire
                                                       Fla. Bar No.: 378348
                                                       Charles T. Moore, Esquire
                                                       Fla. Bar No.: 075809
                                                       **KNOPIKVARNERMOORE**
                                                        406 S. Morgan Street
                                                        Tampa, Florida 33602
                                                       Telephone:  (813) 221-3131
                                                       ***Attorneys for Plaintiff***