# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

ROSEMARY DEMPS, etc.,

    Plaintiff,

v.                                                  CASE NO. 4:04cv448-RH/WCS

TALLAHASSEE MEDICAL CENTER,
INC., etc.,

    Defendant.

_____/

## ORDER APPROVING SETTLEMENT

      This is an action for damages under the Emergency Medical Treatment and Active Labor Act ("EMTALA"). The action has been brought on behalf of Rosemary Demps, who asserts she was denied treatment by the defendant hospital in violation of the Act, and her two minor children, who assert a consortium claim as authorized under Florida law. In a related state court action asserting medical negligence, recovery was sought on behalf of the same parties against the same defendant.

      The parties have reached a settlement of this action and the related state court action. The state court has approved the settlement, subject to further review

of one expense item.  The parties now seek approval of the settlement by this court.

As both sides agree, this court's approval is required only because of the claim for recovery on behalf of the minor children.  *See* §744.387, Fla. Stat. (2004).  I find that the settlement is a fair and adequate compromise of the claims of the minor children, fully protects their interests, will be for the best interest of the minor children, and therefore should be approved.  No issue is properly before the court, and I make no ruling with respect to, the expense item that remains open in state court.[1]

For these reasons,

IT IS ORDERED:

1.  Plaintiff's motion for approval of the settlement of this action on behalf of the minor children (document 50) is GRANTED.  The parties' proposed settlement of the claims of minors Antwan Demps and Jashawn Demps is hereby approved.  Emma Demps, attorney-in-fact for plaintiff Rosemary Demps, is

---

[1] The open expense item is the claim of Trial Practice, Inc., a litigation support firm, for a three percent contingent fee.  Even if allowed, that fee would not be paid from the minor children's proceeds; the fee would come either from the attorney's fees or from the recovery of Rosemary Demps.  I express no view one way or the other on the propriety of the claimed contingent fee.  Similarly, I express no view on the propriety of the payment of a share of the recovery to Earl Galloway and Emma Demps.  They have no claim in the lawsuit, but that does not preclude Rosemary Demps from compensating them, separate and apart from the litigation, and the payment has been approved by the state court, whose jurisdiction includes guardianship matters.  The payment to Earl Galloway and Emma Demps has not come from the minor children's proceeds and thus is not at issue here.

authorized to execute the settlement documents on behalf of Antwan Demps and Jashawn Demps.

2. Earl Galloway is authorized to oversee, manage, and protect the settlement proceeds on behalf of Antwan Demps and Jashawn Demps, in accordance with the settlement agreement, subject to such further orders as may be made by a state court of competent jurisdiction.

3. The guardian ad litem Karen Givers is discharged from further responsibilities in this court.

4. Defendant's motion (document 46) to amend the order for dismissal entered May 9, 2005 (document 44) is GRANTED. That order is vacated.

5. The parties shall abide by their settlement agreement.

6. All claims other than for enforcement of the settlement agreement are hereby voluntarily dismissed with prejudice in accordance with Federal Rule of Civil Procedure 41.

7. Jurisdiction is retained for enforcement of the order requiring compliance with the settlement agreement.

8. The clerk shall enter judgment stating, "The parties are ordered to abide by their settlement agreement. The court reserves jurisdiction to enforce the order to abide by the settlement agreement. All claims in this action are voluntarily dismissed with prejudice in accordance with Federal Rule of Civil Procedure 41."

The clerk shall close the file.

    SO ORDERED this 21st day of June, 2005.

                                                   <u>s/Robert L. Hinkle</u>
                                                   Chief United States District Judge